José Camilo Montañez, etc., Plaintiff and Appellee, *v.* Alois A. Fix, Defendant and Appellant.

No. 7755. Argued April 2, 1940.—Decided October 28, 1940.

*E. H. F. Dottin* for appellant. *F. Fernández Cuyar* and *H. González Blanes* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

The facts that gave rise to this case, as they appear from the statement of the case and opinion rendered by the District Court of San Juan, are the following:

"José Camilo Montañez, known as José Sosa, the plaintiff in this action, is a minor under age, the legitimate son of Evaristo Camilo and Herminia Montañez, and was born in Trujillo Alto on January 6, 1920. His mother died on April 2, 1931, and his father had abandoned them since his early childhood, his whereabouts being unknown. His judicial guardian is his aunt and foster mother, Obdulia Sosa widow of González.

"The accident which is the object of investigation in this trial, occurred on June 11, 1935, so that the plaintiff minor was at the time 15 years, 5 months, and 5 days old.

"      *      *      *      *      *      *      *

"As a result of the pleadings, the stipulation of the parties at the trial, and the evidence offered, the court finds that the following facts, besides the ones set forth in the first paragraph of this opinion, have been proved: That the defendant Alois A. Fix is the employer in a rural property or farm, in which he has established a dairy business, or one for the production, transportation, and sale of milk; that on or about the 9th of May, 1935, the defendant employed the plaintiff in the aforesaid property paying him a salary of $2.50 a week and using him for the herding and care of cattle, an occupation which the plaintiff performed on horseback; that in that employment the plaintiff had to take out, and did take out, about 40 head of cattle to graze every day including Sundays, and had an hour off for lunch; that on the 11th of June, 1935, around 2 o'clock in the afternoon, while the plaintiff was riding a horse, performing his work of herding and keeping guard over the cattle, one of the oxen went out of the pasture and over to the next property; that the plaintiff, in the performance of his duty, followed the ox, and crossed a ditch, or 'quebrada', that divides the two farms; that the forefeet of the horse he rode became caught in a piece of wire and the plaintiff fell, suffering a fracture of the left arm; that the plaintiff was confined in the Pereira Leal Clinic, where he underwent medical treatment for 42 days, at the end of which he was discharged. The defendant paid the hospital expenses."

The stipulation of the parties substantially was that the defendant had a business for the production, transportation, and sale of milk; that the defendant employed the complainant making it the business of the youth to shepherd cattle, which work the plaintiff had to perform on horseback; that during this work the complainant suffered an accident

wherein his left arm was fractured. The plaintiff likewise put the defendant on the witness stand who testified as to the facts connected with his own occupation and the employment of the boy and more or less, as far as he knew it, the way the accident happened.

There was some discussion in the evidence as to whether the horse was or was not tame, but the court below did not decide the matter and found that the evidence was conflicting. We may take it as a fact not proved that the horse was a dangerous animal, or that the necessity for riding this horse made the occupation a dangerous one. As a general rule the boy was accompanied by two other farm hands who helped him take care of the cattle. The defendant had no reason to expect this accident.

Even if the plaintiff had proved that the horse was dangerous the fact would be immaterial, because the accident was caused, not by vices of the animal, but because the horse on which the boy was riding struck a piece of barbed wire, stumbled, and the boy fell to the ground. If this boy had been over 16 years of age, we would find no negligence showed against the defendant in sending such a boy about the work of taking care of the cattle.

Under all the circumstances, the risk that this boy took was no different than any other farm hand supposing him to be of the necessary age. The court, however, based its judgment against defendant on the ground that the latter had no right to employ the plaintiff, a minor, in a lucrative occupation.

■■ Accepting as true the facts that the lower court found proved by virtue of the evidence and the stipulation of the parties, then if the plaintiff had been older than 16 years on the day of the accident, his lack of a cause of action would have been evident, because the proof did not show in any way that the proximate cause of the accident was the negligence of the defendant. But, as on the mentioned date, the plaintiff had not yet attained the age of 16 years, the

question arises whether his employment under such conditions was legal or not considering the fact that he did not have a permit of the Department of Labor for such employment. The lower court found that the defendant had violated Act No. 75 "To Regulate the Employment of Minors and to Provide for Compulsory School Attendance of Children in Porto Rico, and for Other Purposes", of July 20, 1931 (Session Laws, p. 678), sections 1, 3, 5, 6, and 13 which were amended by Act No. 64 of July 31, 1925 (Session Laws, p. 338), and that the defendant had violated the law in employing the complainant, and made him liable for the damages suffered by the latter.

The aforesaid Act No. 75 makes attendance at school of children between the ages of 8 and 14 years, compulsory (sec. 21), its purpose being that every child between these ages shall receive schooling unless after an examination by the Commissioner of Education which said officer shall specify, the child turns out to be "mentally or physically unfit to attend," and as such is excused. (Section 24.)

Nevertheless, section 2 states as follows:

"That no child under fourteen years of age shall be employed, permitted, or suffered to work in Porto Rico in, about, or in connection with any gainful occupation except as specified in Section 14 of this Act and also with the exception of domestic, farm and garden labor."

At first glance said section seems to indicate that children under 14 years of age may be employed during the scholastic year in domestic work, farms, and gardens, which would be in conflict with sections 21 and 24, *supra,* and also in conflict with the manifest intention of the law to eradicate analphabetism, forcing all children of scholastic age except the mentally and physically incapacitated to attend school regularly.

The exception relating to domestic work and work in farms and gardens is an exception to the exception that said section makes in regard to those children under 14 years of age who

obtain special permits to work during the vacation. Said section 2 states that a child of scholastic age does not need said permit when the work he is going to do during the vacations consists of domestic labor or work in farms or gardens.

Once the child reaches the age of 14 years, attendance at school is not compulsory, but the legislator watching for the health and physical development of children under 16 years of age, forbids their employment in lucrative occupations without the permits to which sections 8 *et seq.* refer and which are issued by the Department of Labor after a physical examination is made and certain legal requisites are carried out. This permit is not required from those who have reached the age of 14 years but not 16 years and who are going to do domestic work or in farms ("*granjas*" in the Spanish edition) or gardens. See, among others, sections 3 and 8 of the Act.

In this case, as we have seen, the complainant at the date of the accident was about to attain the age of 16 years or, in other words, he was not within the scholastic age and was working in herding cows on the farm of the defendant which farm was used for the production of milk. In such circumstances, did the defendant violate the act in employing the complainant when the latter did not have a permit from the Department of Labor? Undoubtedly, not. The farm of the defendant, whether it be called a grange, a farm, or a plantation, is included in the word "farm" which is used in the English edition, and in the word "*granja*" in the Spanish edition. And, therefore, the complainant did not need a permit to work on said farm as he was more than 14 years of age.

The lower court cites in its opinion the cases of *Rivera v. Ribas*, 31 P.R.R. 341, and *Cruz v. Central Pasto Viejo, Inc.*, 44 P.R.R. 354. Neither of said cases is applicable to the point in question since those cases refer to children of 13 and 9 years of age respectively, and the accident occurred during the scholastic year, for which reason their employ-

ment was completely illegal, and therefore the employer was liable for the damages suffered by said minors.

■ The defendant, moreover, insists that the plaintiff's proper remedy was to apply to the Industrial Commission, and we think this was the proper procedure. At the time the case was decided by the district court, the rule was that an illegally employed minor could not obtain compensation, and we so held in the case of *Montaner* v. *Industrial Commission,* 53 P.R.R. 493, which theory was later reversed on reconsideration. *Montaner* v. *Industrial Commission,* 54 P.R.R. 64.

The defendant was an insured employer and the plaintiff might have recovered the amount due under the terms of the policy.

All this, however, is a question which can not prejudice in any way the rights of the defendant and is, therefore, purely academic in this case.

As the employment of the complainant by the defendant was perfectly legal, and as it does not appear that the accident was due to the fault or negligence of the latter, the judgment appealed from should be reversed and the judgment which the district court should have rendered is given in its stead, that is, the complaint is dismissed with costs to the complainant, but without including attorney's fees.